# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK MILLSAP, Inmate #N02377,   )
                                   )
             Plaintiff,            )
                                   )
vs.                                )         CIVIL NO. 03-544-JPG
                                   )
ILLINOIS   DEPARTMENT   OF         )
CORRECTIONS, *et al.*,             )
                                   )
             Defendants.           )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

In his original and amended complaints, Plaintiff makes the following allegations.  First, Plaintiff states that African-Americans were discriminated against in job promotion and pay in their prison jobs at Shawnee Correctional Center ("Shawnee").  Plaintiff states that promotions were given to white inmates, but not African-American inmates.   Second, Plaintiff states that he personally was discriminated against in job promotion because he is African-American.  Plaintiff states that he was intentionally laid off, given the "worst" and  lowest-paying jobs, and given jobs that required fewer days of work per week.  Third, Plaintiff states that these discriminatory actions against him were also done in retaliation for his complaining about the racial inequalities in job placement at Shawnee.  Fourth, Plaintiff states that he was put in segregation without a hearing, in violation of due process.  Lastly, Plaintiff states that Defendants have put his life in danger from a gang member who tried to stab him.

*Racial Discrimination*

Plaintiff states that he and other African-American prisoners at Shawnee were denied promotions to higher paying prison jobs.  Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.*  Based on these standards, Plaintiff's equal protection claim cannot be

- 2 -

dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

Plaintiff also states that Defendant Jennings used racial slurs when referring to prisoners. Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim.  *See, e.g ., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.  *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999).  Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d at 612.  Plaintiff's claims regarding Defendant Jennings' use of racial slurs do not state an Eighth Amendment claim.  As such, this claim, and Defendant Jennings, are **DISMISSED** from the action.

<u>Retaliation</u>

Plaintiff states that Defendants gave him the "worst" and lowest-paying jobs in Shawnee because he complained about Defendants' failure to promote African-Americans to higher paying positions.  Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these standards, Plaintiff's retaliation claims cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. §

1915A.

*Segregation*

Plaintiff states that he was kept in segregation without a hearing. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in segregation without due process, but does not state the duration of the confinement or how the conditions of his confinement imposed an "atypical and significant hardship." Plaintiff has no protected liberty interest in remaining in the general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). As such, Plaintiff has not stated a due process claim. Accordingly, Plaintiff's due process claim is **DISMISSED** from the action.

*Failure-to-Protect*

Plaintiff states that Defendants have put his life in danger because of a "gang member" in

the prison who tried to stab him.  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Because Plaintiff does not explain how he was threatened by this "gang member," whether or not he told prison officials about any specific threat, or how they responded to the threat, Plaintiff's allegations do not show that Defendants acted with deliberate indifference to a substantial risk of harm.  Accordingly, Plaintiff's claim is **DISMISSED** from the action.

<u>*Defendants*</u>

In his complaint, Plaintiff lists a number of Shawnee prison employees as defendants. However, he makes specific allegations against only Defendants Henshaw, Carman, Obermark, Childers, and Jennings.  "A defendant cannot be held liable for damages in a civil rights action for wrongs in which he had no personal involvement."  *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th

- 5 -

Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 655-56 (7th Cir. 1981). Furthermore, "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Bigley, Camp, Groaning, McGill, and Pate are **DISMISSED** from the action. As noted above, Defendant Jennings is also **DISMISSED** from the action.

In summary, Plaintiff is allowed to proceed against Defendants Henshaw, Carman, Obermark, and Childers on his equal protection and retaliation claims.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants *Henshaw, Carman, Obermark, and Childers* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **4** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Henshaw, Carman, Obermark, and Childers*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Henshaw, Carman, Obermark, and Childers* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

- 7 -

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated:  June 29, 2005**

**s/ J. Phil Gilbert**
**U. S. District Judge**