IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK MILLSAP,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )          Case No. 3:03-cv-544-JPG
                                          )
EARNIE P. HENSHAW,                        )
                                          )
        Defendants.                       )

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the

Plaintiff, Derrick Millsap, on December 12, 2005.  For the reasons set forth below, the motion is

**GRANTED**.

BACKGROUND

The Plaintiff, Derrick Millsap, filed a complaint that listed a litany of problems that he

was having at the Shawnee Correctional Center.  These complaints ranged from retaliation to

discrimination with respect to work assignments.  In a screening order issued on June 29, 2005,

District Judge J. Phil Gilbert reviewed the Plaintiff's complaint and allowed two claims to go

forward: the first is a claim that prison officials were discriminating against him, on account of

his race, by denying him promotions to a higher paying job; the second claim is that he was

retaliated against when he complained about the disparity in treatment between inmates of

difference races.  The only Defendants that remain in this action are Earnie P. Henshaw, Gary

Carmen, Paul Obermark, and Martha Childers.  On September 6, 2005 the Defendants filed an

answer in which they generally denied the allegations in complaint.

The Plaintiff already had filed two motions for appointment of counsel, on March 4, 2004

and April 14, 2004, respectively.  In the second motion, the Plaintiff indicated that he was being

given "the runaround" by prison officials and that he does not have glasses and cannot see.  The Plaintiff currently is housed at the Lawrence Correctional Center in Sumner, Illinois.  Currently, the discovery deadline in this case is February 6, 2006 and the dispositive motion filing deadline is February 27, 2006.

### DISCUSSION

28 U.S.C. §1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel."  However, there is no constitutional or statutory right to counsel for a civil litigant.  Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001);  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also  Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1).  The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).  Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel.  Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288.  After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel.  Those factors are  (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by

counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint.  See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

The Plaintiff has indicated in this brief motion that he contacted various law firms and they presumably have declined to take this case.  He also has indicated that he does not know anything about how to prosecute his case.  The Plaintiff has the initial burden of showing that he has made an attempt to secure counsel on his own.  While the Plaintiff has not provided great detail, the Court will accept his statement that he has attempted to secure counsel.  As such, the Plaintiff has met his initial burden.

The Plaintiff's claims are colorable.  His main contention is that the Shawnee Correctional Center has discriminated against him on account of his race and that it has further retaliated against him for complaining.  He has indicated that he worked in the "metal industries" as a machine operator.  These are serious allegations that require exploration.  It is clear that the Plaintiff will have a difficult time investigating facts crucial to his claim.  He no longer is housed at Shawnee.  It will be difficult for him to timely comply with the discovery rules and seek potential discovery from other inmates in Shawnee, especially given the date of the alleged discrimination.  It also appears that the Plaintiff is incapable of prosecuting his own case.  His original complaint was so jumbled that Judge Gilbert encouraged him to use the form complaint for §1983 cases.  In his amended complaint, the Plaintiff included a number of allegations that appear to be unrelated and that cover a great span of time.  For example, he mentioned that three of his brothers died while he was at Shawnee – such a statement is unrelated to the allegations in

the complaint.  Moreover, the Plaintiff has indicated that he has poor eyesight.  For these reasons, the Court finds appointment of counsel warranted in this case.

Therefore, attorney Troy E. Walton is hereby appointed as counsel fo the Plaintiff.  This matter is set for a telephonic status conference on **Monday February 27, 2006 at 9:30 a.m.**  The Defendant shall initiate the conference call.  The Clerk is directed to mail a copy of this order to the Plaintiff, himself.

### CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel filed by the Plaintiff, Derrick Millsap, on December 12, 2005 is **GRANTED**.

**DATED: January 18, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

4